Jon C. PETERSON; Charles W. Anderson, dba TMI Associates; Judy Anderson, his wife dba TMI Associates, Plaintiffs—Appellees,

v.

Stanley S. HELLER; Jane Doe Heller, husband and wife, and the marital community composed thereof; Lionel L. Freitas; Darlene J. Freitas, husband and wife, and the marital community composed thereof; Marshall S. Kahn; Jo'Ann Kahn, husband and wife and the marital community composed thereof, Defendants—Appellants.

No. 00–35674.
D.C. No. CV–99–01838–JCC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 8, 2002.

Decided April 12, 2002.

Appeal from the United States District Court for the Western District of Washington John C. Coughenour, District Judge, Presiding.

Before POLITZ,* CANBY and KLEINFELD, Circuit Judges.

### MEMORANDUM**

Appellant Stanley S. Heller appeals the district court's summary judgment in favor of Appellee Jon C. Peterson in Peterson's action to recover damages for the breach of a written sublease agreement. Most of the damages represented arrearages in rent owed by Heller. We affirm the district court's judgment.

Heller's answer alleged that the sublease agreement had been modified by an oral agreement by which Heller would be forgiven his arrearages in return for his assistance in finding a new tenant. Because the sublease was for a period in excess of one year, the Washington statute of frauds required that it be in writing. *See* Wash. Rev.Code § 19.36.010. The district court accordingly ordered supplemental briefing on the effect of the statute of frauds on the alleged oral modification of the sublease. In that briefing, Heller argued that the oral agreement was not a modification of the sublease, but was instead an entirely new contract. The district court held that the new agreement would not constitute a defense to breach of the written sublease, and awarded judgment accordingly to Peterson. The district court observed that the alleged new agreement could have served as the basis for a counterclaim, but no counterclaim had been pleaded.

On appeal, Heller continues to characterize the alleged oral agreement as an entirely new contract, not a modification of the sublease. Heller's primary argument is that the district court was required by Fed.R.Civ.P. 8(c) to redesignate his oral-agreement defense as a counterclaim. The difficulty with this argument is that it was never presented to the district court. Nor did Heller otherwise move in the district court to plead a counterclaim before entry of summary judgment. Rule 8(c) requires the district court to redesignate a claim

---

\* The Honorable Henry A. Politz, Senior Circuit Judge for the Fifth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

only if "justice so requires," and we review the district court's action or inaction for abuse of discretion. *389 Orange Street Partners v. Arnold,* 179 F.3d 656, 664 (9th Cir.1999). When a party does not raise a misdesignation argument prior to summary judgment, justice does not require redesignation. *Id.* at 665. The district court accordingly did not abuse its discretion by failing to redesignate.

Because the district court did not abuse its discretion by declining to entertain Heller's unpleaded counterclaim, we need not address questions relating to the counterclaim's viability under Washington's statute of frauds or evidentiary standards. Similarly, we need not address Heller's contention that the district court should have allowed him additional time for discovery relating to the statute of frauds; the district court did not reject the alleged new oral agreement on the ground of statute of frauds.

The judgment of the district court is **AFFIRMED.**